GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

---

DONALD CARL BANKHEAD, and KEITH

THOMPSON, Individually, and on behalf of a class

of similarly situated persons

Plaintiff's Name, Address, City, State, Zip Code

vs.

BEACON MANAGEMENT SERVICES, LLC

c/o registered agent Lisa Simmons

5607 Glenridge Drive, Suite 490, Atlanta, GA 30342

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Matthew Q Wetherington

Address: Werner Wetherington, P.C., 2860 Piedmont Rd. NE

City, State, Zip Code: Atlanta, GA, 30305          Phone No.: 404-793-1694

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

*SERVICE INFORMATION:*
Served, this _15_ day of _Sept._, 20 _17_          _M. Vern #434_
                                                   DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**



EXHIBIT

tabbies

"1"

State Court of Fulton County
**E-FILED**
17EV003899
8/18/2017 5:55:48 PM
LeNora Ponzo, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

DONALD CARL BANKHEAD, and KEITH

THOMPSON, Individually, and on behalf of a class

of similarly situated persons

Plaintiff's Name, Address, City, State, Zip Code

vs.

BEACON MANAGEMENT SERVICES, LLC

c/o registered agent Lisa Simmons

5607 Glenridge Drive, Suite 490, Atlanta, GA 30342

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Matthew Q. Wetherington

Address: Werner Wetherington, P.C., 2860 Piedmont Rd. NE

City, State, Zip Code: Atlanta, GA, 30305                     Phone No.: 404-793-1694

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**
Served, this _15_ day of _Sept._, 20_17_.                 _M. Veon #434_

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____. _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
17EV003899
8/16/2017 4:56:40 PM
LeNora Ponzo, Clerk
Civil Division

Michael L. Werner
Matthew Q. Wetherington
Robert N. Friedman
**WERNER WETHERINGTON, PC**
2860 Piedmont Rd., NE
Atlanta, GA 30305

Kevin Patrick
**KEVIN PATRICK LAW**
2860 Piedmont Rd., NE
Atlanta, GA 30305

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DONALD CARL BANKHEAD, and KEITH THOMPSON, Individually, and on behalf of a class of similarly situated persons, | ) ) ) ) ) | CIVIL ACTION FILE NUMBER |
| Plaintiff, | ) ) ) | _____ |
| v. | ) ) | |
| CASTLE PARKING SOLUTIONS, LLC, and BEACON MANAGEMENT SERVICES, LLC | ) ) ) ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

1.     Defendants Castle Parking Solutions, LLC ("Castle Parking") and Beacon

Management Services, LLC ("Beacon") have a systematic process of disabling vehicles

with boots and similar devices without first complying with the City of Atlanta

ordinances requiring certain signage at any location where vehicle immobilization occurs.

As a result, Castle Parking and Beacon have collected millions of dollars in fees in an

unlawful manner.  Plaintiffs bring this action to recover damages and other available

remedies on behalf of themselves and a class of persons similarly situated.

I.      PARTIES

2.      Plaintiff Donald Carl Bankhead is a citizen and resident of Georgia.  Plaintiff

Bankhead brings this action in an individual capacity, and in the capacity of a class

representative on behalf of others similarly situated.  By bringing this action, Plaintiff

avails himself of the jurisdiction of this Court.

3.      Plaintiff Keith Thompson is a citizen and resident of Georgia.  Plaintiff

Thompson brings this action in an individual capacity, and in the capacity of a class

representative on behalf of others similarly situated.  By bringing this action, Plaintiff

avails himself of the jurisdiction of this Court.

4.      Defendant Castle Parking is a limited liability company registered to business in

Georgia.  Castle Parking may be served at 2000 Riveredge Pkwy. NW, Ste 885, Atlanta,

GA 30328 through their registered agent, Incorp. Services, Inc.  Jurisdiction and venue

are proper as to Castle Parking because its registered agent is located in Fulton County.

5.      Defendant Beacon is limited liability company registered to business in Georgia.

Beacon may be served at 5607 Glenridge Drive, Suite 490, Atlanta, GA, 30342 through

their registered agent, Lisa Simmons.  Jurisdiction and venue are proper as to Beacon

because its registered agent is located in Fulton County.

6.      Venue is not proper originally or by removal in Federal court because complete

diversity does not exist between Plaintiffs and Defendant and no Federal cause of action

is alleged herein.

II.     STATEMENT OF FACTS

7.      There is no provision in the Official Code of Georgia Annotated ("O.C.G.A.")

which expressly authorizes vehicle immobilization on private property.

[2]

8.     The City of Atlanta authorizes certain types of vehicle immobilization, including

booting, by licensed vehicle immobilization services once certain requirements are met.

9.     Booting is a method of using a mechanical device that is designed or adopted to

be attached to a wheel, tire, or part of a parked motor vehicle so as to prohibit the motor

vehicle's usual manner of movement or operation:



10.    Once licensed, a vehicle immobilization service may only boot vehicles under the

terms proscribed by City of Atlanta Code of Ordinances, Chapter 162, Art. 5 § 162-251 –

162-268.

11.    One of the conditions precedent to legally booting a vehicle within the City of

Atlanta is to comply with certain signage requirements as detailed in Atlanta Code of

Ordinances, Chapter 162, Art. 5 § 162-261.  This ordinance is provided in full here:

> It shall be unlawful for any person hired by an owner of any private
> property, or his agent or employee, located within the territorial
> limits of the city to install or attach to any vehicle a vehicle

immobilization device(s), boot(s), or other instrument(s) that is/are designed to, or have the effect of, restricting the normal movement of such vehicle or by any other means whatsoever to restrict the normal movement of such vehicle, unless the owner of the property, or his agent or employee, has complied with all applicable city zoning ordinances regarding the posting of signs and the following requirements:

(1)     Signs shall be located at each designated entrance to a parking lot or parking area where parking prohibitions are to be effective. Where there is no designated entrance, such signs shall be erected so as to be clearly visible from each and every parking space.

(2)     Such signs shall be a minimum of seven and one-half square feet in area (two and one-half feet by three feet).

(3)     Such signs located at a designated entrance to a parking lot shall be at least four feet above the site grade. Where there is no designated entrance, such signs shall be six feet above site grade.

(4)     Such signs shall state in letters at least three inches high that "Unauthorized vehicles may be impounded (towed or booted) at owner's risk and expense." Such signs shall also include the following language in letters at least two and one-half inches high:

    a.     Cost of impound $50.00 per day;[1]
    b.     Fee payable by cash, check, and credit or debit card.
    c.     Boot Removal—Call 000-000-0000.
    d.     Tow information—Call 000-000-0000.
    e.     Vehicle may not be impounded if owner/operator returns before boot or tow is attached.
    f.     Booted vehicles may be towed after 24 hours.
    g.     By order of City Code.
    h.     Complaints may be made to:  Parking Company 000-000-0000 Atlanta Police Department 404-853-4470
    i.     This lot is owned and operated by (Name of legal entity owning parking lot/area) and can be reached at 000-000-0000 for resolution of any disputes.

No abbreviations shall be used in the language contained in the sign. Where this Code section leaves a blank, the signs shall include the appropriate phone numbers. The lettering on such signs shall be

---

[1] This number was updated to $75 per day pursuant to Ord. No. 2009-63(09-O-1069), § 1, 10-27-09

[4]

black on a white, reflective background, and shall be illuminated if
out of headlight range.

12.     Defendant Castle Parking is a licensed vehicle immobilization service operating

within the City of Atlanta.

13.     Defendant Castle Parking offers booting services to parking lots within the City of

Atlanta.

14.     Defendant Beacon directs Castle Parking, as well as other third parties, to

immobilize vehicles located on properties managed by Beacon.

15.     As described more fully below, the signs erected at every parking lot wherein

Castle Parking and Beacon operate do not comply with Atlanta Code of Ordinances,

Chapter 162, Art. 5 § 162-261

III.    NAMED PLAINTIFFS EXPERIENCES

16.     On or about June 13, 2017, Plaintiff Bankhead parked in a private parking lot

located at 502 Pryor St. SW, Atlanta, GA 30312, which is within the territorial limits of

the City of Atlanta.

17.     On or about July 1, 2016, Plaintiff Thompson parked in a private parking lot

located at 502 Pryor St. SW, Atlanta, GA 30312, which is within the territorial limits of

the City of Atlanta.

18.     The property located at 502 Pryor St. SW, Atlanta, GA 30312 is managed by

Beacon.

19.     Plaintiffs Bankhead and Thompson parked in a parking lot owned jointly by the

condominium owners of 502 Pryor St. (or owned through their condominium

association), and managed by Beacon.

[5]

20.     Defendant Castle Parking was hired by the owner of the private property located at 502 Pryor St., to install or attach vehicle immobilization devices or boots.

21.     All vehicle immobilization devices or boots placed on vehicles at 502 Pryor St. were placed at the request of Beacon.

22.     On Beacon's request, Defendant Castle Parking placed a boot on Bankhead and Thompson's vehicles and refused to remove it unless Plaintiffs paid a $75.00 fine.

23.     Plaintiffs Bankhead and Thompson paid Defendant Castle Parking $75.00.

24.     An exemplar of signs erected at the parking lot located at 502 Pryor St. are depicted below:









[6]

25.     There is no sign erected at 502 Pryor St. that contains the information required by

Atlanta Code of Ordinances, Chapter 162, Art. 5 § 162-261.

26.     The signs erected at 502 Pryor St. do not comply with Atlanta Code of

Ordinances, Chapter 162, Art. 5 § 162-261, as the signs do not contain:

      a.     The statement, "Unauthorized vehicles may be impounded  (towed or booted) at owner's risk and expense."

      b.     The cost of impound per day;

      c.     The Fee payable by cash, check, and credit or debit card;

      d.     The phone number for boot removal;

      e.     A statement that the Vehicle may not be impounded if owner/operator returns before boot or tow is attached;

      f.     A statement that booted vehicles may be towed after 24 hours;

      g.     A statement listing the City Ordinance authorizing the booting;

      h.     The full name and phone number of the parking company;

      i.     A statement that complaints made by made to the parking company and the Atlanta Police Department;

      j.     The phone number for the Atlanta Police Department;

      k.     The full name of the owner and operator of the parking lot;

      l.     The phone number of the owner and operator of the parking lot;

      m.     A statement that owner and operator of the parking lot may be reached for disputes; and

      n.     A reflective background.

27.     Because Defendants Castle Parking and Beacon did not comply with Atlanta

Code of Ordinances, Chapter 162, Art. 5 § 162-261, Defendants booted Plaintiffs

Bankhead and Thompson without legal authority and caused damages to Plaintiffs.

28.     On information and belief, at all other locations within the City of Atlanta where

Defendants engage in vehicle immobilization, the signs erected by Defendants do not

comply with the requirements of Atlanta Code of Ordinances, Chapter 162, Art. 5 § 162-

261.

IV.     CLASS ACTION ALLEGATIONS

29.     Plaintiffs bring this action as a class action pursuant to O.C.G.A. § 9-11-23, on

behalf of themselves and the Following Class:

[7]

a.   All persons who have been booted by Defendant Castle Parking and paid fines for removal of said device within the City of Atlanta from August 16, 2012, through present; and

b.   All persons who have been booted by Defendant Castle Parking at 502 Pryor St. SW, Atlanta, GA 30312, and have paid a fine for removal of said device from August 16, 2012, through present (the Bankhead / Thompson Castle subclass).

c.   All persons who have been booted by at the direction of Beacon and paid fines for removal of said device within the City of Atlanta from August 16, 2012, through present (the Beacon Atlanta subclass); and

d.   All persons who have been booted at the direction of Beacon at 502 Pryor St. SW, Atlanta, GA 30312, and have paid a fine for removal of said device from August 16, 2012, through present (the Bankhead / Thompson Beacon subclass).

30.   Excluded from the Classes are Defendants, as well as Defendants' employees, affiliates, officers, and directors, including any individuals who incurred property damage as a result of Defendants' Actions, and the Judge presiding over this case.  Plaintiffs reserve the right to amend the definition of the Class if discovery and/or further investigation reveal that the Class definitions should be expanded or otherwise modified.

31.   **Numerosity / Luminosity / Impracticality of Joinder**: The members of the Classes are so numerous that joinder of all members would be impractical.  Plaintiffs reasonably estimates that there are thousands of Class members.  The members of the

[8]

Classes are easily and readily identifiable from information and records in Defendants' possession, control, or custody.

32.     **Commonality and Predominance**:  There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting the individual members of the Classes.  These common legal and factual questions, which exist without regard to the individual circumstances of any Class member, include, but are not limited to, the following:

a.     Whether Defendants failed to comply with the signage requirements of Atlanta Code of Ordinances, Chapter 162, Art. 5 § 162-261 prior to engaging in booting activities at locations throughout Atlanta;

b.     Whether Defendants engaged in fraudulent business practices with respect to booting vehicles without complying with Atlanta Code of Ordinances, Chapter 162, Art. 5 § 162-261;

c.     Whether Defendants have engaged in racketeering activity prohibited under O.C.G.A. § 16-14-1, *et seq.*

d.     Whether Defendants have engaged in civil theft \ conversion;

e.     Whether Defendants have engaged in false imprisonment;

f.     Whether Defendants have engaged in making false statements;

g.     Whether Defendants unlawfully disabled Plaintiffs' and other Class Member's property and refused to return the property;

h.     Whether Plaintiffs and the Classes are entitled to damages; and,

i.     Whether Plaintiffs and the Classes are entitled to equitable relief or other relief, and the nature of such relief.

[9]

33.   **Typicality**:  The Plaintiffs' claims are typical of the class claims in that Plaintiffs and the Classes all have been booted as a result of Defendants' unlawful activities and sustained damages as a direct proximate result of the same wrongful practices that the Defendants have engaged in.  Plaintiffs' claims arise from the same practices and course of conduct that give rise to the class claims.  Plaintiffs' claims are based upon the same legal theories as the class claims.

34.   **Adequacy**:  Plaintiffs will fully and adequately protect the interests of the members of the Classes and have retained class counsel who are experienced and qualified in prosecuting class actions, including consumer class actions and other forms of complex litigation.  Neither the Plaintiffs nor their counsel have interests which are contrary to, or conflicting with, those interests of the Classes.

35.   **Superiority**:  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, *inter alia*: it is economically impracticable for members of the Classes to prosecute individual actions; prosecution as a class action will eliminate the possibility of repetitious and redundant litigation; and, a class action will enable claims to be handled in an orderly, expeditious manner.

### COUNT 1: FALSE IMPRISONMENT

36.   At all times relevant to this Complaint, Defendants owed duties to the Plaintiffs and other Class Members not to interfere with the free movement of Plaintiffs and other Class Members.

37.   In violation of O.C.G.A. § 51-7-20, Defendants knowingly and unlawfully restrained the movements of Plaintiffs and other Class Members for varying periods of time.

[10]

38.     Defendants were acting without legal authority when they restrained the movements of Plaintiffs and other Class Members.

39.     Plaintiffs and other Class Members have incurred damages in an amount to be determined by the enlightened conscience of a jury as a result of Defendants' conduct.

### COUNT 2: CONVERSION / CIVIL THEFT

40.     Plaintiffs and other Class Members had an ownership interest in funds that were paid to Castle Parking, and to other third parties acting at the direction of Beacon.

41.     Defendant Castle Parking took possession of Plaintiffs and other Class Members' funds by demanding that Plaintiffs and other Class Members pay $75.00 to have a vehicle immobilization device removed.

42.     Plaintiffs and other Class Members demanded that the vehicle immobilization device be removed free of charge.

43.     Defendant Castle Parking refused to release Plaintiffs and other Class Members' vehicles without payment of $75.00.

44.     Because Defendant Castle Parking did not comply with the signage requirements of Atlanta Code of Ordinances, Chapter 162, Art. 5 § 162-261, Defendant Castle Parking had no lawful right to immobilize Plaintiffs and the other Class Members' vehicles, or to demand payment to remove vehicle immobilization devices.

45.     As a result, by requiring Plaintiffs and other Class Members to pay $75.00 to have vehicle immobilization devices removed, Defendant Castle Parking has wrongfully converted Plaintiffs and other Class Members' funds, and Plaintiffs and other Class Members have sustained damages in an amount to be determined by the enlightened conscience of a jury.

[11]

## COUNT 3: NEGLIGENCE

46.     Defendants owed a duty to Plaintiffs and other Class Members' to comply with Atlanta Code of Ordinances, Chapter 162, Art. 5 § 162-261 before engaging in any vehicle immobilization activities.

47.     Defendants were negligent in complying with this duty as Defendants failed to use reasonable care in making sure that all signage complied with Atlanta Code of Ordinances, Chapter 162, Art. 5 § 162-261.

48.     Due to Defendants' negligence, Plaintiffs and the other Class Members have incurred damages in an amount to be determined by the enlightened conscience of a jury.

## COUNT 4: NEGLIGENCE *PER SE*

49.     Defendants violated Atlanta Code of Ordinances, Atlanta Code of Ordinances, Chapter 162, Art. 5 § 162-261.

50.     Plaintiffs and other Class Members fall within the class of persons intended to be protected by the statute.

51.     Atlanta Code of Ordinances, Chapter 162, Art. 5 § 162-261 was intended to guard against the unlawful booting of vehicles.

52.     Due to Defendants' negligence, Plaintiffs and the other Class Members have incurred damages in an amount to be determined by the enlightened conscience of a jury.

## COUNT 5: MONEY HAD AND RECEIVED

53.     Defendant Castle Parking has received money from Plaintiffs and other Class Members that in equity and good conscious Defendant Castle Parking should not be permitted to keep.

54.     Plaintiffs and other Class Members have made a demand for repayment.

[12]

55.     Defendant Castle Parking refused the demand.

56.     As a result of Defendant Castle Parking's actions, Plaintiffs and the other class members have suffered damages in an amount to be determined by the enlightened conscience of a jury.

## COUNT 6: VIOLATION OF GEORGIA RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") AGAINST CASTLE PARKING

57.     Defendant Castle Parking, as part of its parking company business, engages in an enterprise of unlawfully immobilizing vehicles for profit.

58.     Defendant Castle Parking's conduct subjects it to liability under Georgia's Racketeer Influenced and Corrupt Organization Act ("RICO"), O.C.G.A. § 16-14-1 *et seq.*, as more fully set out below.

59.     Specifically, Defendant Castle Parking, in furtherance of its unlawful vehicle immobilization enterprise, has engaged in a pattern of racketeering activity, including, but not limited to the following:

          a.      By forcing Plaintiffs and other Class Members to pay to have an unlawfully placed vehicle immobilization device removed, Defendant Castle Parking has engaged in Theft (O.C.G.A. § 16-8-1), Theft by Taking (O.C.G.A. § 16-8-2), Theft by Deception (O.C.G.A. § 16-8-3), Theft by Conversion (O.C.G.A. § 16-8-4), and Theft by Extortion (O.C.G.A. § 16-8-16);

          b.      By alleging through signage, notices, and other documents provided to Plaintiffs and other Class Members, that Defendant Castle Parking was lawfully permitted to immobilize Plaintiffs and other Class Members' vehicles, and lawfully permitted to charge fees for the removal of vehicle

[13]

immobilization devices, Defendant Castle Parking has engaged in the use of false statements in violation of O.C.G.A. § 16-10-20; and

        c.        By unlawfully attaching vehicle immobilization devices to Plaintiffs and other Class Members' vehicles, Defendant Castle Parking knowingly and unlawfully restrained the movements of Plaintiffs and other Class Members for varying periods of time in violation of O.C.G.A. § 16-5-41.

60.      Defendant Castle Parking has also engaged in racketeering activity by extorting money from Plaintiffs and other Class Members under the threat of refusing to remove an unlawfully placed vehicle immobilization device.

61.      Defendant Castle Parking's above described racketeering activity is all done in furtherance of Defendant Castle Parking's enterprise of profiting off unlawfully immobilizing vehicles.

62.      Defendant Castle Parking's above described racketeering activity all have the same or similar methods of commission in that they all involve the unlawful use of vehicle immobilization devices, and false or misleading signage and documentation, to force Plaintiffs and other Class Members to pay to have unlawfully placed vehicle immobilization devices removed.

63.      Defendant Castle Parking's racketeering activity have the same or similar objective, namely, profiting off the unlawful use of vehicle immobilization devices.

64.      Defendant Castle Parking's racketeering activity have the same or similar victims, namely, Plaintiffs and other Class Members who have been forced to pay Defendant Castle Parking to remove a vehicle immobilization device unlawfully placed on Plaintiffs and other Class Members' vehicles by Defendant Castle Parking.

[14]

65.     Defendant Castle Parking's racketeering activity are otherwise related by distinguishing characteristics including, but not limited to, the involvement and collusion of Defendant Castle Parking and its workers, executives, and officers.

66.     Defendant Castle Parking's racketeering activity is part of a long-term enterprise that has existed, and continues to, exist for over five (5) years, and will continue to exist unless halted by judicial intervention.

67.     As a result of Defendant Castle Parking's racketeering activity, Plaintiffs and other Class Members have suffered damages in an amount to be determined by the enlightened conscience of a jury.

## COUNT 7: VIOLATION OF GEORGIA RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") AGAINST BEACON

68.     Defendant Beacon, as part of its property management business, engages in an enterprise of unlawfully immobilizing vehicles to force individuals to pay various dues and fees, and otherwise maintain and expand its property management business.

69.     Defendant Beacon's misconduct subjects it to liability under Georgia's Racketeer Influenced and Corrupt Organization Act ("RICO"), O.C.G.A. § 16-14-1 *et seq.*, as more fully set out below.

70.     Specifically, Beacon, in furtherance of its unlawful vehicle immobilization enterprise, has engaged in a pattern of racketeering activity, including, but not limited to the following:

a.      By collecting various fees and dues from Plaintiffs and other Class Members under the threat of unlawfully immobilizing their vehicles, Defendant Beacon has engaged in Theft (O.C.G.A. § 16-8-1), Theft by Taking (O.C.G.A. §

[15]

16-8-2), Theft by Deception (O.C.G.A. § 16-8-3), Theft by Conversion (O.C.G.A. § 16-8-4), and Theft by Extortion (O.C.G.A. § 16-8-16);

     b.     By alleging through signage, notices, and other documents provided to Plaintiffs and other Class Members, that Beacon and third parties were lawfully permitted to immobilize Plaintiffs and other Class Members' vehicles, and lawfully permitted to charge fees for the removal of vehicle immobilization devices, Defendant Beacon has engaged in the use of false statements in violation of O.C.G.A. § 16-10-20; and

     c.     By directing third parties to unlawfully attach vehicle immobilization devices to Plaintiffs and other Class Members' vehicles, Defendant Beacon knowingly and unlawfully restrained the movements of Plaintiffs and other Class Members for varying periods of time in violation of O.C.G.A. § 16-5-41.

71.     Defendant Beacon has also engaged in racketeering activity by extorting from Plaintiffs and other Class Members various dues and fees under the threat of unlawfully immobilizing Plaintiffs and other Class Members' vehicles.

72.     Defendant Beacon's above described racketeering activity is all done in furtherance of Defendant Beacon's enterprise of unlawfully immobilizing vehicles to collect various dues and fees, and otherwise maintain and expand its property management business.

73.     Defendant Beacon's above described racketeering activity all have the same or similar methods of commission in that they all involve the unlawful use of vehicle

immobilization devices, and false or misleading signage and documentation, to force
Plaintiffs and other Class Members to pay various dues and fees.

74.     Defendant Beacon's racketeering activity have the same or similar objective,
namely, maintaining and expanding its property management business through the
unlawful use of vehicle immobilization devices.

75.     Defendant Beacon's racketeering activity have the same or similar victims,
namely, Plaintiffs and other Class Members who have been forced to pay third parties to
remove a vehicle immobilization device unlawfully placed on Plaintiffs and other Class
Members' vehicles at Defendant Beacon's request.

76.     Defendant Beacon's racketeering activity are otherwise related by distinguishing
characteristics including, but not limited to, the involvement and collusion of Defendant
Beacon and its workers, executives, and officers.

77.     Defendant Beacon's racketeering activity is part of a long-term enterprise that has
existed, and continues to, exist for over five (5) years, and will continue to exist unless
halted by judicial intervention.

78.     As a result of Defendant Beacon's racketeering activity, Plaintiffs and the other
Class Members have suffered damages in an amount to be determined by the enlightened
conscience of a jury.

## COUNT 8: ATTORNEY'S FEES

79.     Defendants have acted in bad faith, have been stubbornly litigious, and have
caused Plaintiffs and other Class Members unnecessary trouble and expense.

[17]

80.    Accordingly, Plaintiffs and other Class Members are entitled to recover their expenses of litigation, including their reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

### COUNT 9: PUNITIVE DAMAGES

81.    Defendants' conduct was willful, wanton, and reckless and evidences an entire want of care, which raised the presumption of a conscious indifference to the consequences of its actions.

82.    As a result of Defendants' willful, wanton, and reckless conduct, Plaintiffs and other Class Members are entitled to an award of punitive damages under O.C.G.A. § 51-12-5.1.

V.    JURY DEMAND

83.    Plaintiffs demands a trial by jury for all of their claims and determination of all damages.

VI.    DAMAGES AND PRAYER FOR RELIEF

84.    Plaintiffs pray for the following relief:

    a.    An order certifying this action as a class action, appointing Plaintiffs as class representatives and appointing Plaintiffs' counsel as lead Class counsel;

    b.    All compensatory damages on all applicable claims in an amount to be proven at trial, and, as allowed by law, for such damages to be trebled or multiplied upon proof of claims under laws allowing for trebling or multiplying of compensatory damages based upon Defendants' violations of law;

[18]

c.  An order directing disgorgement and restitution of all improperly retained monies by Defendants;

d.  An order permanently enjoining Defendants from engaging in the unlawful practices, as alleged herein;

e.  For an injunction to prohibit Defendants from engaging in the unconscionable commercial practices complained of herein, and for an injunction requiring Defendants to give notice to persons to whom restitution is owing, and to identify the means by which such persons can file for restitution;

f.  Punitive damages in an amount to be determined at trial;

g.  Attorney fees for stubborn litigiousness pursuant to O.C.G.A. § 13-6-11; and

h.  All other and further relief, including equitable and injunctive relief, that the Court deems appropriate and just under the circumstances.

This 16th day of August 2017.

WERNER WETHERINGTON, PC

*/s/ Matt Wetherington*
MICHAEL L. WERNER
  Georgia Bar No. 748321
MATTHEW Q. WETHERINGTON
  Georgia Bar No. 339639
ROBERT N. FRIEDMAN
  Georgia Bar No. 945494

2860 Piedmont Rd., NE
Atlanta, GA 30305
770-VERDICT
mike@wernerlaw.com
matt@wernerlaw.com
robert@wernerlaw.com

[19]

**KEVIN PATRICK LAW**

*/s/  Kevin Patrick*
Kevin Patrick
  Georgia Bar No. 225211

2860 Piedmont Rd., NE
Atlanta, GA 30305
404-566-8964
kevin@patricktriallaw.com

[20]

## Case Information

17EV003899 | Donald Bankhead,Keith Thompson VS Castle Parking
Solutions, LLC,Beacon Management Services, LLC

| Case Number | Court | Judicial Officer |
| --- | --- | --- |
| 17EV003899 | State Court | Richardson, Eric |
| File Date | Case Type | Case Status |
| 08/16/2017 | TORT | Open |

## Party

**Plaintiff**
Bankhead, Donald Carl

**Address**
Werner Wetherington, P.C.
2860 Piedmont Rd. NE
Atlanta GA 30305

Active Attorneys ▾
**Attorney**
WERNER,
MICHAEL L
Retained

Work Phone
404-793-1690

**Attorney**
FRIEDMAN,
ROBERT N.
Retained

Work Phone
404-881-2622

**Lead Attorney**
WETHERINGTON,
MATTHEW Q
Retained

Work Phone
404-793-1666

**Plaintiff**
Thompson, Keith

**Address**

Active Attorneys ▾
**Attorney**


EXHIBIT
"2"

Werner Wetherington, P.C.
2860 Piedmont Rd. NE
Atlanta GA 30305

WERNER,
MICHAEL L
Retained

Work Phone
404-793-1690

Attorney
FRIEDMAN,
ROBERT N.
Retained

Work Phone
404-881-2622

Lead Attorney
WETHERINGTON,
MATTHEW Q
Retained

Work Phone
404-793-1666

Defendant
Castle Parking Solutions, LLC

Address
c/o registered agent, Incorp. Services, Inc.
2000 Riveredge Pkwy. NW, Ste 885
Atlanta GA 30328

Defendant
Beacon Management Services, LLC

Address
c/o registered agent, Lisa Simmons
5607 Glenridge Drive, Suite 490
Atlanta GA 30342

## Events and Hearings

08/16/2017 COMPLAINT ▾

Comment
Complaint

08/18/2017 Case Initiation Form ▾

Comment
Case Initiation Form

08/18/2017 Summons ▾

Comment
Summons for Defendant Castle Parking Solutions, LLC

08/18/2017 Summons ▾

Comment
Summons for Defendant Beacon Management Services, LLC

09/13/2017 Service to Marshal/Process Server

09/13/2017 Service to Marshal/Process Server

09/13/2017 COMPLAINT▾

Serving Officer
Vera, A

Serving Method
Corporate Service

09/13/2017 COMPLAINT▾

Serving Officer
Vera, A

Serving Method
Corporate Service

09/18/2017 SERVICE

09/18/2017 SERVICE

09/25/2017 ORDER ▾

Comment
ORDER TRANSFERRING CASE TO DIVISION F

10/11/2017 EXTENSION OF TIME ▾

Comment
Stipulation Extending Time for Beacon to Answer Plaintiff's
Complaint

## Financial

Bankhead, Donald Carl

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $303.00 |
| Total Payments and Credits | | | | $303.00 |
| 8/17/2017 | Transaction Assessment | | | $253.00 |
| 8/17/2017 | E-File | Receipt # TCJT-323043 | Bankhead, Donald Carl | ($253.00) |
| 9/13/2017 | Transaction Assessment | | | $50.00 |
| 9/13/2017 | Payment | Receipt # TCJT-325624 | Bankhead, Donald Carl | ($50.00) |