UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD CARL BANKHEAD, and KEITH THOMPSON, Individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CASTLE PARKING SOLUTIONS, LLC, and BEACON MANAGEMENT SERVICES, LLC<br><br>Defendants. | CIVIL ACTION FILE NUMBER<br><br>17-CV-04085-MLB |

## AFFIDAVIT OF ROBERT N. FRIEDMAN

Personally appeared before me, the undersigned officer duly authorized by law to administer oaths, Robert Friedman who, after being duly sworn, stated under oath as follows:

1.

My name is Robert Friedman. I am over eighteen (18) years of age and under no legal disability.

2.

I am duly licensed to practice law in the State of Georgia. My Georgia Bar Number is 945494. I am an attorney at Werner Wetherington, P.C.

3.

I have personal knowledge of the facts stated in this Affidavit and know them to be true and correct.

4.

I am counsel of record for Plaintiffs in the above-referenced matter. I am also counsel of record for Plaintiffs in *Polson v. Kenny McElwaney d/b/a Maximum Booting Co, et al.,* Case No. 1:18-cv-02674-WSD.

5.

On June 14, 2018, during a teleconference in this case, Judge Brown requested that I file an Affidavit regarding communications I had with his chambers and/or the clerk's office before *Polson* was formally assigned to Judge Brown. Specifically, the Court requested information on whether I "represented to the Court -- either to chambers or to the clerk's office -- that the *Polson* Defendants' mistakenly marked that case as related [to *Bankhead*]."

6.

In compliance with Judge Brown's request, I file this Affidavit to recount, to the best of my recollection, my discussion with Judge Brown's chambers. Prior to the *Polson* case being formally assigned to Judge Brown, I had no conversations with the clerk's office regarding *Polson*. Prior to the *Polson* case being formally

assigned to Judge Brown, I made one phone call to Judge Brown's chambers related to the *Polson* case. I do not recall the name of the person I spoke with. The circumstances of that call are detailed below.

7.

Shortly after receiving Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") Notice of Filing Notice of Removal in the *Polson* case (Fulton County State Court, Case No. 17EV003164), I was informed by my co-counsel, Matthew Wetherington, that the case would be assigned to Judge Brown because Defendant Wal-Mart designated *Polson* as a related action to the *Bankhead* case.

8.

Concerned that counsel for *Polson* was attempting to avoid a random judge assignment and direct *Polson* to Judge Brown, I contacted Judge Brown's chambers and told Judge Brown's clerk that the *Polson* case was in the process of being assigned to Judge Brown. I informed Judge Brown's clerk that the case was not receiving a random judge assignment because counsel for Wal-Mart indicated that *Polson* was related to the *Bankhead* case on Wal-Mart's civil cover sheet.

9.

I inquired about the proper steps to take to dispute Wal-Mart's designation that the *Polson* case was sufficiently factually related to the *Bankhead* case such

[3]

that *Polson* would not receive a random judge assignment. I asked Judge Brown's clerk to inform me of what I needed to do if Plaintiff disputed the automatic assignment to Judge Brown based on counsel for Wal-Mart's designation that *Polson* involves the same issue of fact or arises out of the same event or transaction as *Bankhead.*.

10.

I recall explaining to Judge Brown's clerk that the *Polson* and *Bankhead* cases both involve allegations of improper booting based on a failure to strictly comply with a municipal sign ordinance. I also remember telling Judge Brown's clerk that *Polson* and *Bankhead* involved different defendants, parking lots, and municipal booting ordinances.

11.

I have no recollection of telling Judge Brown's clerk that counsel for Wal-Mart marked the *Polson* case as being related to the *Bankhead* case by mistake. In fact, my motivation for the call was that Wal-Mart intentionally marked the *Polson* case as being related to the *Bankhead* case to avoid a random judge assignment. I wanted to know what options Plaintiff had to dispute Wal-Mart's designation of relatedness and instead receive a random judge assignment in *Polson*.

12.

Judge Brown' clerk told me that the Court would review the *Polson* and *Bankhead* cases to determine if they were in fact sufficiently related for purposes of judge assignment. I asked to be contacted once a decision had been reached.

13.

In addition, during my call with Judge Brown' clerk, I expressed a separate concern that Judge Brown's former law partner at Alston & Bird, LLP was counsel for Wal-Mart in the *Polson* case. Judge Brown's clerk told me that there was a process in place for cases involving Alston & Bird, LLP.

14.

It is my understanding that at some point thereafter, the Court concluded its determination of relatedness and on June 4, 2018, I received electronic notification from ECF that the *Polson* case had been formally assigned to Judge Brown. Based on my conversation with Judge Brown's clerk and the assignment of the case to Judge Brown, I understood that Judge Brown had performed the aforementioned review for relatedness and made the determination that the *Polson* and *Bankhead* cases were sufficiently factually related such that *Polson* would not receive a random judge assignment. Judge Brown later informed me that the Court had not yet issued an Order on relatedness at the time it was assigned to him.

15.

On or about June 11, 2018, I received electronic notification from ECF that Judge Brown had recused himself from the *Polson* case and requested reassignment of the case under Internal Operating Procedure 905-1.

16.

The June 11, 2018, Order of Recusal, however, does not expressly state the factual basis for recusal. Based on subsequent telephone conferences with the Court, it is my current understanding that the June 11, 2018, Order of Recusal in the *Polson* case was based on the following: (1) Judge Brown was formerly employed as an equity partner at Alston & Bird, LLP; (2) Judge Brown's wife is currently an equity partner at Alston & Bird, LLP in the class action practice group; and (3) Alston & Bird, LLP is counsel for Wal-Mart in the *Polson* case.

17.

Because of the June 11, 2018, Order of Recusal, I became concerned that Judge Brown was currently presiding over another booting case (*Bankhead*) that involves highly similar questions of law and fact. Although the cases have factual differences such that they may not be considered related under the Northern District's Internal Operating Procedures, the cases do involve nearly identical factual scenarios (although at different locations), legal claims, defenses, and

questions of law. Specifically, both cases allege that the booting operator was not permitted to immobilize Plaintiffs' vehicles because the operator did not strictly comply with a municipal sign ordinance. The legal questions of whether a booting company must strictly comply with a municipal sign ordinance is dispositive in both cases. Therefore, a ruling in *Bankhead* would be highly persuasive as a precedent in the *Polson* case.

18.

While Judge Brown is no longer presiding over the *Polson* case, it is a matter of record that attorneys with Alston & Bird, LLP in the *Polson* case caused the *Polson* case to be assigned to Judge Brown by designating on Wal-Mart's pleadings that the *Polson* case is related to the *Bankhead* case. It is also a matter of record that Judge Brown, and Judge Brown's staff, are aware that attorneys at Alston & Bird, LLP in the *Polson* case contend the cases are highly related and caused the *Polson* case to be assigned to Judge Brown by designating on Wal-Mart's pleadings that the *Polson* case is related to the *Bankhead* case. Any rulings the Court makes against Plaintiffs in the *Bankhead* case will be used by Judge Brown's former law partners at his wife's current law firm in the *Polson* case.

19.

It is my current understanding that relatedness for purposes of judge

[7]

assignment is based on whether a case shares the "same issue of fact or arises out of the same event or transaction included in an earlier numbered pending suit." (NDGA Civil Cover Sheet, Form JS44.) It is my current understanding that the legal standard for recusal under 28 U.S.C, § 455 is based on the totality of the circumstances, including the questions of law to be decided, which are the same in *Polson* and *Bankhead*. *In re BellSouth Corp.*, 334 F.3d 941, 944 (11th Cir. 2003).

20.

Regardless of whether *Polson* and *Bankhead* are sufficiently factually similar under the applicable Internal Operating Procedures of the Northern District[1] for purposes of judge assignment, Plaintiffs filed a Motion for Recusal and Request for a Stay of Proceedings based on the following: (1) Judge Brown recused himself in *Polson* due to a conflict related to Alston & Bird, LLP; (2) attorneys with Alston & Bird, LLP designated that the *Polson* case was related to *Bankhead*; (3) Judge Brown is aware that attorneys with Alston & Bird, LLP contend that *Polson* is related to *Bankhead*; and (4) *Polson* and *Bankhead* involve highly similar legal issues. (Doc. No. 42).

21.

---

[1] In preparing this Affidavit, I called the Clerk's office and requested a copy of the Internal Operating Procedures relevant to the issues before the Court, but I was informed that they are not available to the public.

[8]

On June 14, 2018, during a teleconference in this case, Judge Brown requested that Plaintiffs provide additional factual and legal support for Plaintiffs' Motion for Recusal. Plaintiffs agreed to timely provide the Court with a supplemental brief on the issue of recusal.

22.

On June 14, 2018, after the teleconference with Judge Brown, I called the clerk's office for the Northern District of Georgia. The purpose of my phone call was to confirm that the *Polson* case was not randomly assigned, and to better understand the Internal Operating Procedures leading to the *Polson* case being assigned to Judge Brown and the rules referenced in Judge Brown's June 11, 2018, Order of Recusal.

23.

The clerks I spoke with on June 14, 2018, told me Internal Operating Procedure 905-1 includes the ability for clerks to assign cases to a judge based on a finding of relatedness. I was told that *Polson* was assigned to Judge Brown specifically because counsel for Wal-Mart stated on Wal-Mart's pleadings that *Polson* was related to *Bankhead*.

24.

Several clerks I spoke with on June 14, 2018, informed me that Judge Brown

[9]

needed to issue an order on the issue of relatedness before *Polson* could be sent to the clerk's office for a random judge assignment. I asked for clarification on this, but received conflicting information regarding whether *Polson* was then assigned to Judge Duffy based on Wal-Mart's designation of relatedness after Judge Brown recused himself in *Polson*.

25.

On Judge 15, 2018, Judge Brown conducted a second teleconference to discuss Plaintiffs' Motion for Recusal. During the June 15, 2018, teleconference, Judge Brown again requested that Plaintiffs provide the Court with additional support for Plaintiffs' Motion for Recusal. Plaintiffs' counsel informed the Court that Plaintiffs would file a supplemental brief shortly. Judge Brown then stated that he was denying Plaintiffs' Motion for Recusal.

FURTHER AFFIANT SAYETH NAUGHT.

_____
ROBERT FRIEDMAN

Sworn to and subscribed before me
this 18th day of June, 2018.

_____
Notary Public
My Commission Expires: 12/4/21



[10]